UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JON SCHOONMAKER,

      Plaintiff,

vs.

                                  **CASE NUMBER: 6:22-cv-3**

DEPUTY NATHANAEL ROWELL,
Individually;
DEPUTY MITCHELL HANNON,
Individually;
SHERIFF WAYNE IVEY,
in his official capacity as Sheriff of the
Brevard County Sheriff's Department;

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JON SCHOONMAKER (SCHOONMAKER), and sues the

Defendants, DEPUTY NATHANAEL ROWELL (ROWELL), DEPUTY MITCHELL HANNON

(HANNON), and SHERIFF WAYNE IVEY (IVEY) and alleges:

## GENERAL ALLEGATIONS

1.     This action arises from the wrongful arrest of Plaintiff by Defendants, ROWELL and

HANNON, on January 19, 2018.

2.     The damages sought in this action exceed $75,000, exclusive of interest, costs, and

attorney's fees.

3.     The § 768.28 Notice of Claim has been forwarded and served more than six (6)

months ago on the Defendants and related entities.

4.     Venue is proper in the Middle District of Florida because the wrongful arrest of SCHOONMAKER occurred in Brevard County, Florida.

5.     This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of SCHOONMAKER's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

6.     Defendant, ROWELL, upon information and belief, is a resident of Brevard County, Florida, and is *sui juris*. At all times material, ROWELL was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Brevard County Sheriff's Department. Defendant, ROWELL, is sued in his individual capacity.

7.     Defendant, HANNON, upon information and belief, is a resident of Brevard County, Florida, and is *sui juris*. At all times material, HANNON was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Brevard County Sheriff's Department. Defendant, HANNON, is sued in his individual capacity.

8.     Defendant IVEY is the Sheriff of Brevard County and the constitutional officer to be sued for wrongful acts of sheriff's deputies. The Brevard County Sheriff's Department is the local government entity that employed ROWELL and HANNON and was their employer when the false arrest of SCHOONMAKER occurred. Defendant, IVEY, is sued in his official capacity only.

9.     Defendant, IVEY, runs the Brevard County Sheriff's Office which is an Agency of the State of Florida which administers and operates the Brevard County Jail.

10.     At all times relevant to this action, Defendant, IVEY, employed the correctional officers who worked at the Brevard County Jail.

11.     All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

## FACTS

12.     On January 19, 2018, at approximately 7:20 pm, Mr. Schoonmaker was pulled over by Deputy Rowell on US Hwy 1 in Cocoa, Florida.

13.     Shortly after being pulled over, Deputy Rowell requested that Mr. Schoonmaker complete Field Sobriety Exercises. Mr. Schoonmaker complied with the request.

14.     The dash camera video and audio recordings clearly indicate, Mr. Schoonmaker remained pleasant, cooperative and did not show signs of impairment.

15.     Upon completing the Field Sobriety Exercises, Mr. Schoonmaker was advised he was being placed under arrest for driving under the influence.

16.     Mr. Schoonmaker begged to take a breath test or provide a urine sample to prove his innocence. Such requests were denied.

17.     After Mr. Schoonmaker was placed in the squad car and the door was closed, Deputy Hannon can be heard having a conversation with Deputy Rowell.  There is laughter and then Deputy Rowell states, "I think it's the Z-Pak."[1]

18.     Deputy Hannon then tells Deputy Rowell, "You should have just let her fucking drive and let him go.  But, it's too late now.  It's too late now."

19.     To which, Deputy Rowell responded "it is only a $500.00 bond and it's not bad"

20.     When Mr. Schoonmaker arrived at the Brevard County Jail he was given a formal interview by Deputy Rowell. It was not until this interview that Deputy Rowell finally seemed

---

[1] Z-Pak is an antibiotic Mr. Schoonmaker was taking for a sinus infection. He had last taken the pill early in the morning prior to getting on the airplane.

interested in investigating the potential DUI claim.  Mr. Schoonmaker advised he was a trauma therapist who works with teens and does not drink or use substances. He explained he and his wife were on an anniversary vacation and they hoped to see the rocket launch that night.

21.     Deputy Rowell informed Mr. Schoonmaker that he could not perform a breathalyzer test at the jail because "no one was available to read it."

22.     Mr. Schoonmaker again requested a blood test.  Deputy Rowell took a urine sample, but Mr. Schoonmaker was never given the opportunity to provide a blood sample.

23.     Deputy Rowell advised Mr. Schoonmaker that it would be clear to the judge that he was not under the influence and he would be released in a few hours.  When Deputy Rowell told Mr. Schoonmaker he would be released in a few hours, another deputy from the jail overheard him and corrected him stating that there is a mandatory hold for DUI arrests.  Deputy Rowell stated he did not know this and offered another apology to Mr. Schoonmaker before turning him over to the booking staff.

24.     Mr. Schoonmaker spent nearly 21 hours in the Brevard County Jail before being released on Saturday, January 20th around 5:30pm.

25.     Eighty-seven days later the Office of the State Attorney dismissed the charges against Mr. Schoonmaker.

### COUNT I – SECTION 1983 FALSE ARREST
### CLAIM AGAINST DEPUTY ROWELL

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 25 above, and further alleges:

27.     Plaintiff was unlawfully seized by Defendant, ROWELL, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and

transported him to the Brevard County Jail.

28.     The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

29.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

30.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

31.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT II – SECTION 1983 FAILURE TO PROTECT CLAIM AGAINST DEPUTY HANNON

32.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25.

33.     Defendant, HANNON, in failing to prevent the unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

34.     Defendant, HANNON, was present for the duration of the detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

35.     As a direct and proximate result of the conduct of Defendant, HANNON, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings,

and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT III – SECTION 1983 POLICY VIOLATION

## AGAINST IVEY

36.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 25 above, and further alleges:

37.     Defendant, IVEY, has the final policymaking authority with regards to the Brevard County Sheriff's Department and the Brevard County Jail. Defendant, IVEY, can be sued directly under § 1983 when one of its customs, practices, or policies causes a constitutional injury.

38.     Brevard County Sheriff's Office has a "hold policy." Under this policy, even if a DUI arrestee's breathalyzer test results are 0.000, and even if there is no indication that the arrestee is under the influence of a controlled substance, he/she still must wait eight hours from the time of the arrest to be released—even if he/she posts bond.

39.     Plaintiff, SCHOONMAKER, was unlawfully detained pursuant to the Sheriff's hold policy, which violates the Fourth Amendment because it requires continued detention even where, as here, there is no probable cause for such detention.

40.     The "hold policy" was the "moving force" behind the injury.

41.     As a direct and proximate result of the aforementioned actions and omissions of IVEY, Plaintiff, SCHOONMAKER'S constitutional rights were violated and Plaintiff suffered injuries and damages.

42.     As a direct and proximate result of the conduct of Defendant, IVEY, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings,

and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## STATE LAW CLAIMS

### COUNT IV – STATE LAW FALSE ARREST AGAINST ROWELL

### (BAD FAITH, WILLFUL AND WANTON)

43.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25.

44.     At all times relevant herein, Defendant, ROWELL, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

45.     Defendant, ROWELL, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

46.     The Defendant, ROWELL's, actions were unreasonable and unwarranted under the circumstances.

47.     As a direct and proximate result of the conduct of Defendant, ROWELL , Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

### COUNT V
### FALSE ARREST – DEFENDANT, IVEY

### (COURSE AND SCOPE OF EMPLOYMENT)

48.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25.

49.     Defendant, ROWELL'S, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, IVEY.

50.     The Defendant, ROWELL, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

51.     Alternatively to Count IV, the actions of Defendant, ROWELL, were performed in the course and scope of his employment with the Brevard County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

52.     As a direct and proximate result of the acts of Defendant, ROWELL, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in him being forced to suffer mental anguish, loss of capacity for the enjoyment of life, lost wages, loss of employment, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

53.     Defendant, ROWELL's, conduct is actionable against Defendant, IVEY, pursuant to § 768.28, Fla. Stat. (2016).

54.     As a direct and proximate result of the aforementioned actions and omissions of ROWELL, Plaintiff, SCHOONMAKER, suffered injuries and damages. Plaintiff seeks recovery from IVEY of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings,

and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT VI – STATE LAW FALSE ARREST AGAINST HANNON

## (BAD FAITH, WILLFUL AND WANTON)

55.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25.

56.     At all times relevant herein, Defendant, HANNON, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

57.     Defendant, HANNON, aided and abetted in the false arrest of Plaintiff. Defendant participated by the mere acquiescence to the arrest.

58.     Defendant, HANNON, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

59.     The Defendant, HANNON's, actions were unreasonable and unwarranted under the circumstances.

60.     As a direct and proximate result of the conduct of Defendant, HANNON, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT VII

## FALSE ARREST – DEFENDANT, IVEY

## (COURSE AND SCOPE OF EMPLOYMENT)

61.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25.

62.     Defendant, HANNON'S, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, IVEY.

63.     The Defendant, HANNON, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

64.     Alternatively to Count VI, the actions of Defendant, HANNON, were performed in the course and scope of his employment with the Brevard County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

65.     As a direct and proximate result of the acts of Defendant, HANNON, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in him being forced to suffer mental anguish, loss of capacity for the enjoyment of life, lost wages, loss of employment, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

66.     Defendant, HANNON's, conduct is actionable against Defendant, IVEY, pursuant to § 768.28, Fla. Stat. (2016).

67.     As a direct and proximate result of the aforementioned actions and omissions of HANNON, Plaintiff, SCHOONMAKER, suffered injuries and damages. Plaintiff seeks recovery from IVEY of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings,

and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## DAMAGES

68.     Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

69.     As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, JON SCHOONMAKER'S, constitutional rights were violated, and he suffered injuries and damages.  Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

  a.     Emotional Pain and Suffering of a past, present and future nature;

  b.     Loss of Enjoyment of Life of a past, present and future nature;

  c.     Loss of Employment;

  d.     Lost Wages

  e.     Punitive damages for Count I, II, III, IV and VI;

  f.     Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

  g.     Statutory and Discretionary Costs;

  h.     Attorney's fees where permitted by 42 USC § 1988 or other statutes;

  i.     All such further relief, both general and specific, to which he may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 3rd  day of January 2022.

MICHAEL P. MADDUX, P.A.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com