UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JON SCHOONMAKER and
MARJORIE SCHOONMAKER,

    Plaintiffs,

vs.                                    CASE NO.:  6:22-CV-00003-WWB-DCI

DEPUTY NATHANAEL ROWELL,
Individually;
DEPUTY MITCHELL HANNON,
Individually;
SHERIFF WAYNE IVEY,
in his official capacity as Sheriff of the
Brevard County Sheriff's Department;

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT
## BY DEFENDANTS HANNON AND IVEY

Defendants Deputy Mitchell Hannon and Sheriff Wayne Ivey, in his official capacity as Sheriff of the Brevard County Sheriff's Office, by and through undersigned counsel, file this Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (Doc. 7), and state:

## GENERAL ALLEGATIONS

1. Denied that there was a wrongful arrest. Admitted that Jon Schoonmaker was arrested on January 19, 2018 and that Plaintiffs have brought this

action.

2. Without knowledge, therefore denied.

3. Admitted.

4. Denied that there was a wrongful arrest. Defendants do not contest venue.

5. Defendants do not contest jurisdiction.

6. Without knowledge.

7. Without knowledge.

8. Denied that Defendant Rowell is a resident of Brevard County, Florida. Admitted that Defendant Rowell was acting under color of law and in the course and scope of his appointment as a deputy sheriff and that he has been sued in his individual capacity.

9. Admitted that Defendant Hannon was acting under color of law and in the course and scope of his appointment as a deputy sheriff and that he has been sued in his individual capacity.

10. Admitted that Wayne Ivey is the duly elected Sheriff of Brevard County, that he is being sued in his official capacity and that he employed Defendants Rowell and Hannon. Denied there was a false arrest.

11. Denied as stated. Admitted that Sheriff Ivey operates the Brevard County Jail Complex.

12. Admitted that Sheriff Ivey employed the detention deputies at the Brevard County Jail Complex.

13. Without knowledge, therefore denied.

## FACTS

14. Admitted.

15. Admitted.

16. Denied as stated.

17. Admitted.

18. Denied there was a false arrest. Admitted Mrs. Schoonmaker was present.

19. Denied as stated.

20. Denied as stated. Admitted that the audio recording speaks for itself.

21. Denied as stated. Admitted that the audio recording speaks for itself.

22. Denied as stated. Admitted that the audio recording speaks for itself.

23. Denied as stated.

24. Denied as stated.

25. Denied as stated. Admitted that Mr. Schoonmaker provided a urine sample.

26. Denied as stated.

27. Denied as stated. Admitted that Mr. Schoonmaker was released on January 20, 2018.

28. Admitted that the State of Florida disposed of the case.

### COUNT I – SECTION 1983 FALSE ARREST
### CLAIM AGAINST DEPUTY ROWELL

29. – 34.   This Count is brought against a different Defendant, Nathanael Rowell, and therefore does not require an answer by Defendants Hannon and Ivey. To the extent any factual allegations and claims in this Count relate to claims brought against Defendants Hannon and Ivey, they are denied.

### COUNT II – SECTION 1983 FAILURE TO PROTECT
### CLAIM AGAINST DEPUTY HANNON

35. – 38.  The factual allegations and claims brought in this Count are denied.

### COUNT III – SECTION 1983 POLICY VIOLATION
### AGAINST IVEY

39. – 45.  The factual allegations and claims brought in this Count are denied.

### STATE LAW CLAIMS

### COUNT IV – STATE LAW FALSE ARREST AGAINST ROWELL
### (BAD FAITH, WILLFUL AND WANTON)

46. – 50.  This Count is brought against a different Defendant, Nathanael Rowell, and therefore does not require an answer by Defendants Hannon and Ivey. To the extent any factual allegations and claims in this Count relate to claims brought against Defendants Hannon and Ivey, they are denied.

## COUNT V
## FALSE ARREST – DEFENDANT IVEY
## (COURSE AND SCOPE OF EMPLOYMENT)

51. – 57.  The factual allegations and claims brought in this Count are denied.

## COUNT VI – STATE LAW FALSE ARREST AGAINST HANNON
## (BAD FAITH, WILLFUL AND WANTON)

58. – 63.  The factual allegations and claims brought in this Count are denied.

## COUNT VII
## FALSE ARREST – DEFENDANT IVEY
## (COURSE AND SCOPE FO EMPLOYMENT)

64. – 70.  The factual allegations and claims brought in this Count are denied.

## COUNT VIII
## LOSS OF CONSORTIUM – DEFENDANT ROWELL

71. – 74.  This Count is brought against a different Defendant, Nathanael Rowell, and therefore does not require an answer by Defendants Hannon and Ivey.  To the extent any factual allegations and claims brought in this Count relate to claims brought against Defendants Hannon and Ivey, they are denied.

## COUNT IX
## LOSS OF CONSORTIUM – DEFENDANT HANNON

75. – 78.  The factual allegations and claims brought in this Count are denied.

## DAMAGES

79. – 80.  Plaintiffs damages claims are denied, and specifically denied that punitive damages are available against Defendant Sheriff Ivey in Count III.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant Hannon was acting within his discretionary authority at all times material hereto and he did not violate clearly established law, and he is entitled to qualified immunity.

### Second Affirmative Defense

Reasonable suspicion, or at least arguable reasonable suspicion existed for the traffic stop and detention, and probable cause and at least arguable probable cause existed for the arrest and detention.

### Third Affirmative Defense

The detention of Plaintiff was justified or privileged on the basis of Section 316.193(9), Florida Statutes, or was otherwise justified or privileged by law.

### Fourth Affirmative Defense

Defendant Hannon is entitled to immunity on the basis of Section 768.28(9)(a), Florida Statutes because he did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

**Fifth Affirmative Defense**

Defendant Sheriff Ivey asserts that he enjoys sovereign immunity as to any state law claims, except to the extent expressly waived by Section 768.28, Florida Statutes, and Defendant Sheriff Ivey asserts all privileges and limitations granted by said statute.

**Sixth Affirmative Defense**

Defendant Sheriff Ivey asserts that to the extent any state law claims against him implicate discretionary governmental activity, such claims are barred by the doctrines of separation of powers and sovereign immunity.

**Seventh Affirmative Defense**

Defendant Sheriff Ivey is entitled to all the privileges, benefits and immunities of Chapter 768.28, Florida Statutes, including, but not limited to, capitations and limitations on awards, judgments and damages contained in Section 768.28(5), Florida Statutes.

**Eighth Affirmative Defense**

Plaintiffs fail to state a claim for entitlement to punitive damages against Defendants.

**Ninth Affirmative Defense**

To the extent it is determined that Plaintiffs have failed to mitigate damages, if any, their damages should be reduced accordingly.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael P. Maddux, Esq. and Jennifer Szymczak, Esq., *mmaddux@madduxattorneys.com, jszymczak@madduxattorneys.com,* and *ctonski@madduxattorneys.com*, Michael P. Maddux, PA, 2102 W. Cleveland Street, Tampa, Florida 33606.

*s/ Jeffrey K. Grant*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants
Hannon and Ivey